[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11299
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cr-00533-RAL-JSS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE IGNACIO MORALEZ ABAD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 12, 2019)

Before WILLIAM PRYOR, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Jose Moralez Abad appeals his sentence of 21 months of imprisonment for illegally reentering the United States following deportation for a felony offense. 8 U.S.C. § 1326(a), (b)(1). Abad argues that the district court imposed an unreasonable sentence and violated his right to due process by crediting unreliable hearsay in his presentence investigation report about his prior conviction for unlawful sexual contact with a minor. He argues that the district court erred by relying on a summary of a police officer's "sworn affidavit" that recounted the victim's version of events. But the record makes clear that the district court did not consider the disputed facts about Abad's prior conviction in determining his sentence. We affirm.

We review the reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). To determine whether a sentence is procedurally reasonable, we review legal issues *de novo* and related factual findings for clear error. *United States v. Arguedas*, 86 F.3d 1054, 1059 (11th Cir. 1996). The district court may consider hearsay during a sentencing hearing so long as the evidence has sufficient indicia of reliability and the defendant is given the opportunity to rebut the evidence. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). A district court does not violate a defendant's right to due process by relying on hearsay evidence unless it is materially false or unreliable and it served as the basis for the defendant's sentence. *Id.* The defendant "bears the

2

burden of showing that the court explicitly relied on the information." *Id.* (internal citation and quotation marks omitted).

Abad's sentence is procedurally reasonable. Contrary to Abad's argument, the district court relied only on "the undisputed factual statements" in his presentence report and not on the disputed summary. *See Gall*, 552 U.S. at 51. The district court was "troubl[ed]" by Abad's nine prior convictions for "no valid driver's license [ or] driving on [a] suspended license," the most recent of which resulted in his conviction for reentering the United States illegally. Although the district court mentioned Abad's prior conviction for unlawful sexual activity, it did so in conjunction with other prior convictions to highlight the extent of his criminal history and never alluded to the disputed facts underlying the conviction. So the district court did not abuse its discretion. Nor did it violate Abad's right to due process.

We **AFFIRM** Abad's sentence.

3